EDMUND JONES v. EVAN E. WILLIAMS AND OTHERS.[1]

December 31, 1925.

No. 25,006.

**Plaintiff not entitled to permanent injunction or restraining order.**

The plaintiff, in an action for a permanent injunction, to which he was not found entitled, was not entitled to an injunction restraining the defendant from interfering with a division line fence built by him, the plaintiff, upon land occupied by the defendant for many years, until the true boundary should be determined in subsequent litigation.

See Injunctions, 32 C. J. p. 35, § 15; p. 36, § 16; Boundaries, 9 C. J. p. 249, § 209.

Action in the district court for Blue Earth county to restrain defendants from interfering with a certain party fence. The case was tried before Comstock, J., who granted an injunction until the boundary line should be determined and established as provided by law. Defendants appealed from the judgment. Reversed.

*H. A. Johnson* and *C. A. Johnson,* for appellants.

*William F. Hughes* and *J. A. Baker,* for respondent.

DIBELL, J.

Action for an injunction. There was judgment for the plaintiff and the defendants appeal.

The plaintiff is the owner of a 40-acre tract of land in Judson township in Blue Earth county. The defendant Williams is the owner of a 40 adjoining it on the south. The defendant Williams and the other defendants constitute the town board. In 1923 the town board, proceeding pursuant to G. S. 1923, § 7248, et seq., took cognizance of a complaint of the defendant Williams relative to the maintenance of the division fence between the two forties. The supervisors are ex officio fence viewers. They found the division fence crooked and jagged; and a friendly suggestion was made that

[1]Reported in 206 N. W. 654.

the dispute which had existed between Jones and Williams, neighbors, should be adjusted by arbitration so that there might be a straight line fence. The two assented, and arbitrators were appointed. A survey of some kind was made several months later, and stakes were driven on an east and west line a few feet southerly of the old fence. Jones built a substantial fence on this line and tore down the fence to the north. This seems to have been done when Williams was away.

The town board had no authority to fix the boundary, the arbitration was informal and its purpose probably misunderstood, there was no hearing, the line established was indefinite, and it is not known that it is accurate. The court found that the proceeding bound no one, and no one claims differently. The situation then is that the plaintiff has built his fence a few feet over on the land occupied by the defendant for many years, the boundary line is undetermined, and there is no proceeding pending looking to its determination.

The judgment enjoins the defendants from interfering with the fence built by the plaintiff "until by proper procedure and conclusive and final determination thereof the true and just boundary line between said parcels of land shall have been determined and established as provided by law."

The judgment is anomalous. It does not permanently enjoin, though that was the purpose of the action which terminated in the judgment. It savors of a temporary injunction; but a temporary injunction is a provisional remedy only, must be sustained by a bond, and rests upon a pending action for permanent relief. The injunction forbids the defendant to interfere with the fence until the boundary has been determined; but plaintiff has brought no action to determine the boundary. He may not bring one; indeed, he is left secure in his possession without. If he brings one he has the advantage of a temporary injunction without the burden of getting it and assuring responsibility by a bond.

When the testimony closed the plaintiff had shown no right to maintain the fence which he built. He was not entitled to a per-

manent injunction restraining the defendant from interfering with it. He was not entitled to a temporary injunction, or anything which would be a substitute for it, for he had failed in his main action. He did not justify his appearance in court and judgment should have gone against him.

The controversy involves a quarter of an acre of land used as pasture. The old fence is jagged and crooked in its course. The parties would gain by accepting the suggestion of the trial court that they settle their slight difference and agree upon a line, with compensation to one or the other if necessary to a right adjustment; but they have the right to litigate.

Judgment reversed.